IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS J. DUPRAY, as Beneficial Owner and Managing Partner of TRACBEAM, LLC, and TRACBEAM, LLC,<br>    Plaintiffs,<br><br>v.<br><br>OXFORD INSURANCE COMPANY TN LLC, and SERIES PROTECTED CELL 1, a series entity of OXFORD INSURANCE COMPANY TN LLC,<br>    Defendants. | Civil Action No. 3:22-cv-01014<br>Judge Richardson / Frensley<br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

A.    JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332.

B.    BRIEF THEORIES OF THE PARTIES:

For Plaintiff: This lawsuit concerns Defendants' breach of the parties' captive insurance contract and refusal to provide promised coverage. In 2014, Plaintiffs, patent holders for certain inventions, notified Defendants, captive insurance providers, that Plaintiffs were seeking insurance to cover the risk of loss for Plaintiffs' "key supplier" of legal services, which was a law firm ("D&L") that prosecuted patent infringement lawsuits for Plaintiffs on a contingency fee basis. Defendants conducted a "Review of Insurance Program and Exposures" to evaluate this risk and observed that potential losses might be caused by federal courts and even concluded that "Desired venue [may be] more difficult to obtain in patent infringement actions due to recent court rulings." Nonetheless, Defendants accepted this risk and agreed to offer coverage therefor. Thereafter, Defendants issued captive insurance policies annually for loss of D&L as a "key supplier" and accepted premiums from Plaintiffs. During the time period the policies were in force, the following occurred: (1) pursuant to power granted by Congress in the Rules Enabling Act of 1934, the Supreme Court changed venue rules

for patent infringement cases in *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, 581 U.S. 258 (2017), and (2) commercial effects of a 2013 Federal statute (the "AIA"), which authorizes the U.S. Patent and Trademark Office to conduct administrative reviews of patents[1], substantially increased the cost and risk of favorably enforcing patents. Following (1) and (2), D&L terminated its relationship with Plaintiffs, citing (1) and (2) as reasons for termination of their litigation services to Plaintiffs. Plaintiffs promptly submitted a claim for loss of their "key supplier" of legal services to Defendants. Defendants denied the claim in breach of the parties' contract and of Defendants' promise of coverage. Plaintiffs seek an award of compensatory damages in the full amount of their claim (*i.e.*, no less than $1,000,000), their reasonable attorneys' fees pursuant to the parties' contract, and any other appropriate relief.

For Defendant: The Plaintiff, Tracbeam, LLC is not entitled to coverage under the plain language of the Policy. The Policy provides for the "Loss of Key Supplier" when that the end of the Key Supplier relationship is caused by the promulgation of any statute, ordinance, or law by a "legislative" or "executive" authority or agency. The Supreme Court is not an executive or legislative authority or agency. In addition, the Supreme Court does not "promulgate" law and the decision in *TC Heartland* did not change the patent venue statute, which has been in place since 1948. To the extent that TracBeam claims that the Key Supplier relationship ended because of the America Invents Act, this Act and the review procedures established under it, went into effect in 2013. The Plaintiffs' law firm, however, did not terminate its relationship until 2019. TracBeam was well aware of the effects of the American Invents Act and the likelihood that it could cause a loss under the Policy before the Initial Effective Date of the Policy (May 2017). Thus, this basis for coverage is excluded under Exclusion A of the Policy, which bars an Insured from coverage for a loss when the Insured is aware

---

[1] Such reviews typically result in severely reducing patent coverage, if not entirely invalidating patents, and adding substantial expense to patent enforcement as well.

of the circumstances that will create the loss before the Initial Effective Date of the Policy. The Plaintiffs have also failed to plausibly allege any actual net loss under the Policy for the simple reason that they had no patent infringement cases pending or ready to be filed as of April 2019, and have not alleged that they intended to file such claims, and would have recovered net profits from these claims of up to $1,000,000 within a 12-month period.

        C.        ISSUES RESOLVED: Jurisdiction, venue, and service.

        D.        ISSUES STILL IN DISPUTE: The parties dispute the merits of the allegations contained in the Complaint. The parties also dispute the appropriate measure of damages, if any.

        E.        INITIAL DISCLOSURES: The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) before this case was transferred from Colorado to this Court.

        F.        CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **September 1, 2023**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this

case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **January 5, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **September 1, 2023**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery related motions. All discovery motions shall be filed by no later than **December 15, 2023**. In connection 3 with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties

adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery- related motions. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be. The parties agree that Requests for Admission may be served at any time so long as the responses will be due no later than 30 days before the deadline for dispositive Motions.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **September 1, 2023** and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 1, 2024**. The defendant shall identify and disclose all expert witnesses and reports on or before **April 15, 2024**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any

supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **May 15, 2024**.

J. TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **December 4, 2023 at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time. and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **June 3, 2024**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L. ELECTRONIC DISCOVERY: If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No. 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and submitted to the Court promptly upon the Court's request. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately three (3) days. A trial date no earlier than **October 15, 2024,** is respectfully requested.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**